UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY ELEM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 25-cv-00780 (UNA) |
| JUAN C. PUIG, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Plaintiff, an Arizona state prisoner who is appearing *pro se*, has filed an untitled pleading ("Plg."), ECF No. 1, in contravention of Federal Rule 10(a) and Local Civil Rule 5.1(g), purporting to bring "federal 'tort claims,'" *see id.* at 1. For the reasons explained below, this matter is dismissed as frivolous.

Plaintiff holds himself out as a "Pre-March 9, 1933 Private American National/Non-U.S. Citizen and non-commercial entity. *See id*. He alleges that the federal and Arizona governments and judiciaries have failed to recognize his declared status, through numerous self-serving spurious documents, as a "trust, a flesh and blood-non-statutory man, one of 'we the people,'" and are instead "operating as a 'for profit' Governmental Corporation, by having UCC 'Paper Bar' Titles of Nobility, allowed to issue a Bill of Attainder, Letter of Marque and Reprisal and emit Bill of Credit all for their foreign commercial governmental corporate insurrection bonded profit in their Commercial Bank world." *See id.* at 1–11; *see also* Plg. Exhibits, ECF Nos. 1-1 through 1-5. Given his purported dealings with state and federal governments securing his exempt status, plaintiff contends that he is "discharged" of his debts and is entitled to be released from state custody. *See* Compl. at 11.

These allegations are "associated with what is known as the sovereign citizen movement," by which "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (dismissing as frivolous). "Sovereign citizen" matters, in this jurisdiction and others, are consistently dismissed as frivolous. *See, e.g., Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) (affirming the trial court's denial of plaintiff's claims as "patently frivolous, including requests for declarations that laws passed by Congress do not apply to Maxwell as a "sovereign citizen of the Union State of Texas[.]"); *Mason v. United States*, No. 00CV00272, 2001 WL 241799, at *1 (D.C. Cir. Feb. 2, 2001) (finding same and affirming trial court's dismissal with prejudice); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases and noting that a court should summarily reject arguments that a person is beyond a court's jurisdiction because he is a "sovereign citizen" or "secured-party creditor"); *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (describing the sovereign citizen argument as "clearly baseless" and affirming the trial court's dismissal as frivolous); *Linge v. State of Ga.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding that "to the extent that [the appellant] more broadly argues he is a sovereign citizen . . . both we and the district court lack jurisdiction to consider his claim because it is wholly insubstantial and frivolous"); *Abram v. Collier*, No. 20cv4291, 2020 WL 1815791, at *2–3 (N.D. Fla. Mar. 12, 2020) (dismissing and determining the "Sovereign Citizens Movement" claims to be "utterly frivolous"), *R&R adopted*, 2020 WL 1809668, at *1 (N.D. Fla. Apr. 8, 2020); *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (dismissing as frivolous), *R&R adopted*, 2019 WL 1338411, at *1 (S.D. Ga. Mar. 25, 2019); *Abram v. United States*, No. 17cv781, 2017 WL 6106389, at *2 (N.D. Fla. Nov. 22, 2017)

(dismissing matter with prejudice as frivolous), *R&R adopted*, 2017 WL 6096672, at *1 (N.D. Fla. Dec. 7, 2017); *Alexio v. Obama*, No. 15-00507, 2015 WL 9216562, at *4–5 (D. Haw. Dec. 16, 2015) (dismissing as frivolous); *Alexio v. Obama*, No. 15–00209, 2015 WL 5440800, at *3 (D. Haw. Sept. 15, 2015) (noting uniform rejection of sovereign citizen theories and dismissing with prejudice); *Dvornekovic v. Obama*, No. CV 15–5233, 2015 WL 6164780, at *2 (C.D. Cal. July 28, 2015) (dismissing for "wholly fail[ing] to comply with the pleading standards of the Federal Rules of Civil Procedure"); *United States v. Alexio*, Nos. 13–01017, 13–01018, 2015 WL 4069160, at *2–4 (D. Haw. July 2, 2015) (collecting cases and holding that "sovereign citizen," and other similar theories, have been "flatly rejected" by numerous courts as "frivolous, irrational [and] unintelligible"); *Paul v. New York*, No. 13-CV-5047, 2013 WL 5973138, at *4 (E.D. N.Y. Nov. 5, 2013) (dismissing with prejudice as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 12-CV-02792-KOB, 2013 WL 1281776, at *1 n.3, *4–5 (N.D. Ala. Mar. 27, 2013) (granting defendant's motion for judgment and finding that "[t]he court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents.").

Accordingly, plaintiff's claims are without merit. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A case that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a court may dismiss it as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or

"postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). Plaintiff's allegations fall squarely into this category.

Consequently, for the reasons stated, this matter is hereby dismissed. *See* 28 U.S.C. § 1915A(b)(1); *id.* § 1915(e)(2)(B)(i). A separate order accompanies this memorandum opinion.

Date: April 28, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge